IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Michael P. Crenshaw, (R06537), | ) | |
| | ) | Case No. 16 C 50231 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Kimberly Butler, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

For the following reasons, petitioner's motion for a stay [4] is denied and his 28 U.S.C. § 2254 petition [1] is dismissed as untimely. The court declines to issue a certificate of appealability. The matter is terminated.

## STATEMENT - OPINION

On July 7, 2016, petitioner Michael P. Crenshaw, a Menard Correctional Center prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2001 murder conviction from the Seventeenth Judicial Circuit Court, Winnebago County, Illinois. See [1]. On July 7, 2016, petitioner filed a motion for a stay due to a pending successive postconviction petition in the state courts. *See* [4]. The court ordered the parties to brief the motion for a stay, but also to brief whether the instant petition is timely. *See* [6]. The court specifically warned the parties that there is no basis to stay the present habeas corpus proceeding if the state successive petition was filed after the expiration of the federal statute of limitation, 28 U.S.C. § 2244(d). *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (instructing that a state court's willingness to consider a later filed postconviction proceeding does not undo the untimeliness of a federal habeas corpus petition). Respondent filed a timely response [10], arguing that a stay is unnecessary and the petition should be dismissed as untimely. Petitioner was invited a reply, but did not do so. This matter is now ripe for the court's review.

With regard to the timeliness of a 28 U.S.C. § 2254 petition for habeas relief, the Seventh Circuit has explained that:
> Under AEDPA, [a state petitioner has] one year from the date his conviction became final to file his federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). The point from which that one year runs, however, varies. For a state prisoner who does not seek collateral relief, it runs from the date when the judgment becomes final by the expiration of the time for seeking direct review.

*Socha v. Boughton*, 763 F.3d 674, 678 (7th Cir. 2014). Here, petitioner's one-year limitations period began to run on March 2, 2004, ninety days after the Illinois Supreme Court denied his PLA on direct review and his time for seeking certiorari in the United States Supreme Court expired. *See*

1

[11-1] at 36.

The Seventh Circuit has also explained that the limitation period is tolled during the pendency of state postconviction relief:
> AEDPA further suspends the running of that one year for state prisoners who seek state collateral relief. *See* 28 U.S.C. § 2244(d)(2). That suspension lasts, however, only for the period when the state courts are considering the case; it does not include the time during which certiorari may be sought in the U.S. Supreme Court (or, if sought, ruled upon).

*Id.* Here, petitioner filed a postconviction petition on June 2, 2004, ninety-three days after the limitations period began. This petition was pending for tolling purposes until either September 27, 2007, when the Illinois Appellate Court affirmed the Circuit Court's denial of that petition, or thirty-five days later on November 1, 2007, when petitioner's time to file a PLA to the Illinois Supreme Court expired. *See Griffith v. Rednour*, 614 F.3d 328, 329-30 (7th Cir. 2010) (suggesting that the tolling period ends when the thirty-five day period expires). Regardless, the limitations period ended in 2008.

Petitioner's next action was to move for leave to file a successive petition in 2014; the motion was denied and the Circuit Court's denial was upheld on appeal. Petitioner filed another motion for leave to file a successive postconviction petition in 2015, which was denied by the Circuit Court; petitioner's appeal is still pending in the Illinois Appellate Court. As noted, petitioner filed the instant petition on July 7, 2016. However, as noted, the time period to file in federal court under AEDPA expired in 2008. The fact that petitioner began filing successive postconviction petitions in 2014 and 2015 does not retroactively change that fact. *See De Jesus*, 567 F.3d at 943. As such, petitioner's § 2254 [1] must be dismissed as untimely. Because the petition must be dismissed, petitioner's motion for a stay [4] is also denied.

While petitioner attempted to raise constitutional issues in his § 2254 petition, the court finds his collateral claims must be dismissed as untimely and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter[.]" *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability. The matter is terminated.

Date: 1/27/2017          ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)